UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Nationwide Mutual Insurance Company,

                        Plaintiff,

v.                                               Civ. No. 11-3353 (RHK/LIB)
                                                **ORDER**

David Hochmayr, Katy Hochmayr, Nautibeach
Condos, and John Geddie,

                        Defendants.

---

      This matter is before the Court *sua sponte*.

      Invoking diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff Nationwide Mutual Insurance Company ("Nationwide") commenced this declaratory-judgment action against David Hochmayr, Katy Hochmayr, Nautibeach Condos ("Nautibeach"), and John Geddie.  In its Complaint, Nationwide seeks a declaration that it has no duty to defend or indemnify David Hochmayr, its insured, for claims asserted against him by Geddie in an action currently pending in the United States District Court for the Southern District of Texas.  The Complaint alleges that (i) Nationwide is an Ohio corporation with a "registered business address" in Ohio (Compl. ¶ 2); (ii) David Hochmayr is a Minnesota resident (id. ¶ 3); (iii) upon information and belief, Katy Hochmayr is "an out-of-state resident" (id. ¶ 4); (iv) upon information and belief, Nautibeach is "an out-of-state company with principal offices in Oshkosh, Wisconsin" (id. ¶ 5); and (v) Geddie is a Texas resident.

As the party invoking the Court's jurisdiction, Nationwide bears the burden of pleading facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required it to plead "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). It has failed to do so for several reasons.

*First*, a corporation's citizenship is determined by its place of incorporation *and* its principal place of business. 28 U.S.C. § 1332(c)(1). While the Complaint sets forth the state of Nationwide's incorporation (Ohio), it alleges only that Nationwide has "a registered business address" in that state. (Compl. ¶ 2.) The Court cannot discern from this amorphous allegation whether Nationwide's "registered business address" in Ohio is merely *one* place from which it conducts business or, rather, is its *principal* place of business, *i.e.*, its "nerve center." Hertz Corp. v. Friend, __ U.S. __, 130 S. Ct. 1181, 1192 (2010) (corporation's "principal place of business" under 28 U.S.C. § 1332(c)(1) is place where its high-level officers direct, control, and coordinate its activities, typically its headquarters). By the same token, the Complaint alleges that Nautibeach is an "out-of-state company" (Compl. ¶ 4) without specifically identifying its state of incorporation.

*Second*, an individual is deemed a citizen of the state in which he or she is domiciled. E.g., Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990). But the Complaint alleges only where the Hochmayrs and Geddie *reside*, and residence and domicile are not synonymous. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (district

- 3 -

court properly determined it lacked diversity jurisdiction where complaint alleged only residency of plaintiffs).

For these reasons, the Court cannot determine from the face of the Complaint whether diversity jurisdiction exists in this case.[1]  Based on the foregoing, **IT IS ORDERED** that Nationwide shall redress the deficiencies set forth above on or before November 30, 2011, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date: November 16, 2011

        s/Richard H. Kyle
        RICHARD H. KYLE
        United States District Judge

---

[1] The Court notes that although the Complaint seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, the declaratory-judgment statute does not provide an independent basis for jurisdiction. See, e.g., Bacon v. Neer, 631 F.3d 875, 880 (8th Cir. 2011) ("The Declaratory Judgment Act is procedural; it does not expand federal court jurisdiction.").