# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Nationwide Mutual Insurance Company,

Plaintiff,

Civ. No. 11-3353 (RHK/LIB)

v.                                                     **ORDER**

David Hochmayr, Katy Hochmayr, Nautibeach
Condos, and John Geddie,

Defendants.

---

This matter is before the Court *sua sponte*.

Invoking diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff Nationwide

Mutual Insurance Company ("Nationwide") commenced this declaratory-judgment action

against David Hochmayr, Katy Hochmayr, Nautibeach Condos ("Nautibeach"), and John

Geddie.  In its Complaint, Nationwide seeks a declaration that it has no duty to defend or

indemnify David Hochmayr, its insured, for claims asserted against him by Geddie in an

action currently pending in the United States District Court for the Southern District of

Texas.  The Complaint alleges that (i) Nationwide is an Ohio corporation with a

"registered business address" in Ohio (Compl. ¶ 2); (ii) David Hochmayr is a Minnesota

resident (id. ¶ 3); (iii) upon information and belief, Katy Hochmayr is "an out-of-state

resident" (id. ¶ 4); (iv) upon information and belief, Nautibeach is "an out-of-state

company with principal offices in Oshkosh, Wisconsin" (id. ¶ 5); and (v) Geddie is a

Texas resident.

As the party invoking the Court's jurisdiction, Nationwide bears the burden of pleading facts establishing the existence of diversity jurisdiction.  E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997).  Doing so required it to plead "with specificity the citizenship of the parties."  Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990).  It has failed to do so for several reasons.

First, a corporation's citizenship is determined by its place of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).  While the Complaint sets forth the state of Nationwide's incorporation (Ohio), it alleges only that Nationwide has "a registered business address" in that state.  (Compl. ¶ 2.)  The Court cannot discern from this amorphous allegation whether Nationwide's "registered business address" in Ohio is merely one place from which it conducts business or, rather, is its principal place of business, i.e., its "nerve center."  Hertz Corp. v. Friend, __ U.S. __, 130 S. Ct. 1181, 1192 (2010) (corporation's "principal place of business" under 28 U.S.C. § 1332(c)(1) is place where its high-level officers direct, control, and coordinate its activities, typically its headquarters).  By the same token, the Complaint alleges that Nautibeach is an "out-of-state company" (Compl. ¶ 4) without specifically identifying its state of incorporation.

Second, an individual is deemed a citizen of the state in which he or she is domiciled.  E.g., Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990).  But the Complaint alleges only where the Hochmayrs and Geddie reside, and residence and domicile are not synonymous.  See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (district

court properly determined it lacked diversity jurisdiction where complaint alleged only residency of plaintiffs).

For these reasons, the Court cannot determine from the face of the Complaint whether diversity jurisdiction exists in this case.[1]  Based on the foregoing, **IT IS ORDERED** that Nationwide shall redress the deficiencies set forth above on or before November 30, 2011, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date:  November 16, 2011

s/Richard H. Kyle_____
RICHARD H. KYLE
United States District Judge

---

[1] The Court notes that although the Complaint seeks a declaratory judgment pursuant to 28 U.S.C. § 2201, the declaratory-judgment statute does not provide an independent basis for jurisdiction.  See, e.g., Bacon v. Neer, 631 F.3d 875, 880 (8th Cir. 2011) ("The Declaratory Judgment Act is procedural; it does not expand federal court jurisdiction.").